**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jose Israel Barron-Herrera, et al.,<br><br>Defendants. | No. CR-09-01355-001-PHX-NVW<br><br>**ORDER** |

Before the court is Defendant Jose Israel Barron-Herrera's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) in Light of Retroactive Effect of Amendment 782 (Doc. 192).

Amendment 782 revised the Sentencing Guidelines' "Drug Quantity Table . . . and reduced by two levels the offense level applicable to many drug trafficking offenses." *United States v. Cano*, 1:02-cr-5050-AWI-1, 2015 U.S. Dist. LEXIS 57626, at *1 (E.D. Cal. May 1, 2015). The Amendment applies retroactively. *Id.* at *1-2. Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move the sentencing court to "reduce the term of imprisonment, after considering the factors set forth in" 18 U.S.C. § 3553(a).

In this case, Barron-Herrera pleaded guilty to one count of conspiracy to commit hostage taking, in violation of 18 U.S.C. § 1203(a). (Doc. 139 at 1.) Sentencing under that provision is governed by § 2A4.1 of the United States Sentencing Commission

Guidelines Manual, which was not affected by Amendment 782. Because Amendment 782 would not have lowered Barron-Herrera's Guidelines range at sentencing, that Amendment does not entitle him to relief under § 3582(c)(2). *See United States v. Waters*, 648 F.3d 1114, 1117 (9th Cir. 2011).

IT IS THEREFORE ORDERED that Defendant Jose Israel Barron-Herrera's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) in Light of Retroactive Effect of Amendment 782 (Doc. 192) is denied.

Dated this 17th day of July, 2015.

Neil V. Wake
United States District Judge